# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Breanna Kalaisha B., | Case No. 2:25-cv-00086-JCM-NJK |
| Plaintiff(s), | **Report and Recommendation** |
| v. | [Docket No. 21] |
| Frank Bisignano, | |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability benefits pursuant to Title XVI of the Social Security Act. Currently before the Court is Plaintiff's opening brief seeking an award of benefits or remand. Docket No. 21. The Commissioner filed a responsive brief in opposition. Docket No. 23. Plaintiff filed a reply. Docket No. 24.

## I.  STANDARDS

### A.  Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits

---

[1] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

B.  Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*.

II. **BACKGROUND**

A.  Procedural History

On October 28, 2021, Plaintiff filed an application for supplemental security income with an alleged onset date of January 1, 2016. *See* Administrative Record ("A.R.") 81. On August 5, 2023, Plaintiff's application was denied initially. A.R. 81-89. On September 18, 2023, Plaintiff's claim was denied on reconsideration. A.R. 90-98. On January 14, 2024, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 110. On July 18, 2024, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Arthur Zeidman. *See* A.R. 34-80. On August 30, 2024, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability through the date of the decision. A.R. 14-33. On November 15,

2024, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-6. On January 14, 2025, Plaintiff commenced this suit for judicial review. Docket No. 1.

B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. A.R. 17-28. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 28, 2021. A.R. 19. At step two, the ALJ found that Plaintiff has the following severe impairments: depression, anxiety, and impulse control disorder. A.R. 19-20. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 20-22. The ALJ found that, including Plaintiff's substance use, she has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: only occasional interaction with coworkers and the public. A.R. 22-26. At step four, the ALJ found Plaintiff was unable to perform any past relevant work. A.R. 26. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and residual functional capacity. A.R. 26-27. In doing so, the ALJ defined Plaintiff as a younger individual (27 years old) as of the date the application was filed with at least a high school education. A.R. 26. The ALJ found the transferability of job skills to be immaterial. A.R. 26. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a laundry worker, supply worker, and as a cleaner. A.R. 28. Based on all of these findings, the ALJ found Plaintiff not disabled. A.R. 42.

III.   ANALYSIS

Plaintiff raises a single argument on appeal that the ALJ erred in making severity findings as to mental health functioning at Step 3, but then not incorporating those findings into the residual functional capacity later in the process. Docket No. 21 at 4-7; *see also* Docket No. 24. The

3

Commissioner responds that the Step 3 analysis is not a residual functional capacity assessment, and that the ALJ properly translated the medical record into restrictions reflected in the residual functional capacity. Docket No. 23 at 2-3. The Commissioner has the better argument.

"[R]esidual functional capacity is the most [Plaintiff] can still do despite [Plaintiff's] limitations." 20 C.F.R. § 416.945(a)(1). The residual functional capacity determination considers all medically determinable impairments, including those that are not severe. 20 C.F.R. § 416.945(a). The residual functional assessment must consider all evidence in the record and "contain a thorough discussion and analysis of the objective medical and other evidence . . ." *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (citing Social Security Ruling 96-8p). "The RFC is an administrative assessment of the extent to which an individual's medically determinable impairments . . . may affect his or her capacity to do work-related physical and mental activities." *Id.* (quoting Social Security Ruling 96-8p). "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Where evidence is subject to more than one rational interpretation, the ALJ's conclusion will be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

"Moderate limitations do not have to be exactly mirrored in the RFC determination." *Phillips v. Colvin*, 61 F. Supp. 3d 925, 939 (N.D. Cal. 2014).[2] "Moderate mental functional limitations—specifically limitations in social functioning and adaptation—are not *per se* disabling, nor do they preclude the performance of jobs that involve simple, repetitive tasks." *McLain v. Astrue*, Case No. SACV 10-1108 JC, 2011 WL 2174895, at *6 (C.D. Cal. June 3, 2011) (explaining that moderate limitations on social functioning and adaptation would not preclude the performance of simple, repetitive tasks). Courts within the Ninth Circuit have found that moderate limitations in adapting and managing oneself can be properly encompassed in a residual functional capacity

---

[2] There are five levels of severity in this area: none, mild, moderate, marked, and extreme. 20 C.F.R. § 416.920a(c)(4). "Moderate" limitations are understood to mean that "[t]here is more than a slight limitation in this area, but the individual can still function satisfactorily." *Rose M. E. v. Saul*, Case No. 5:20-cv-01199-AFM, 2021 WL 1612091, at *3 (C.D. Cal. Apr. 26, 2021) (collecting cases).

4

of simple, routine tasks. *See, e.g.*, *Kimball v. Comm'r of Soc. Sec.*, Case No. 1:21-cv-1548-EPG, 2022 WL 17343820, at *7 (E.D. Cal. Nov. 30, 2022).[3] Courts within the Ninth Circuit have found that moderate limitations in understanding, remembering, and applying information can be properly encompassed in a residual functional capacity of simple, routine tasks. *See, e.g.*, *Rebecca L. v. Berryhill*, Case No. 6:18-cv-00500-MK, 2019 WL 857561, at *5 (D. Or. Feb. 14, 2019) (affirming a "moderate" impairment in understanding, remembering, or applying being translated into limitation to "simple routine, repetitive tasks").

At bottom, an ALJ's assessment of mental health limitations is adequate where it is supported by the restrictions identified in the medical testimony. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (finding no error in formulation of RFC with restriction to simple tasks notwithstanding identified impairments involving "pace and the other mental limitations regarding attention, concentration, and adaption").[4] By extension, courts have flatly rejected blanket arguments that mental health limitations cannot, as a matter of law, be encompassed by a residual functional capacity with a limitation to simple, routine tasks. *See, e.g.*, *Phillips*, 61 F. Supp. 3d at 940 (rejecting contention of error in failing to account for moderate mental health difficulties where the claimant did not cite medical evidence requiring a more restrictive residual functional capacity); *see also Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir.

---

[3] Indeed, courts have found that even a marked limitation in adapting and managing oneself can be consistent with a residual functional capacity limiting a claimant to simple, routine tasks with limitations on interactions with coworkers and the public. *Stevens v. Comm'r of Soc. Sec.*, Case No. 1:18-cv-1082-JLT, 2020 WL 1324497, at *11 (E.D. Cal. Mar. 20, 2020) (collecting cases).

[4] In reply, Plaintiff attempts to distinguish and limit *Stubbs-Danielson* as applying only to moderate limitations in concentration, persistence, and pace. *See* Docket No. 24 at 4-5. Although the Ninth Circuit in that opinion did reference concentration, persistence, and pace most directly, the decision affirmed the ALJ's adoption of the restrictions outlined by Dr. Eather, who had found the claimant to have "a slow pace, both in thinking & actions" and to have "several moderate limitations in other mental areas." *Stubbs-Danielson*, 539 F.3d at 1173 (emphasis added). The Ninth Circuit ultimately concluded that "the ALJ's RFC finding properly incorporated the limitations identified by Dr. McCollum and Dr. Eather, including those related to pace and the other mental limitations regarding attention, concentration, and adaption." *Id.* at 1174 (emphasis added). Courts have applied the reasoning in *Stubbs-Danielson* beyond the concentration, persistence, and pace context. *See, e.g.*, *James H. v. Dudek*, Case No. 2:24-cv-05631-GJS, 2025 WL 1202223, at *6 (C.D. Cal. Apr. 25, 2025) (addressing moderate difficulties with adapting or managing oneself).

2022) (rejecting argument that ALJ erred in not including mild mental limitations in residual functional capacity where the claimant did "not identify any particular evidence that the ALJ failed to consider or explain why the record does not support the ALJ's findings regarding her mental functioning"). As recently explained in a sister district by United States Magistrate Judge Gail J. Standish:

> At its core, Plaintiff's argument is that an RFC restriction to simple, routine, and repetitive tasks cannot constitute an accurate translation or accommodation of a claimant's moderate difficulties with adapting or managing oneself as an unassailable legal proposition, not that this is so based on the particular facts of his case. Plaintiff's "as a matter of law" type argument is unpersuasive in light of *Stubbs-Danielson* and the numerous Ninth Circuit and District Court cases since then making clear that a step three functional limitation need not be mirrored precisely in an RFC assessment as long as the medical evidence of record supports the accommodation made for that limitation in the RFC. And Plaintiff has failed entirely to show any "as applied" type error, as he has not shown that the medical evidence of record that was properly credited required any further restriction and accommodation in his RFC for the step three functional limitation than he received.

*James H.*, 2025 WL 1202223, at *6.

In this case, the ALJ formulated the residual functional capacity to limit Plaintiff to performing simple, routine tasks with only occasional interaction with coworkers and the public. *See* A.R. 22; *see also* A.R. 26. Plaintiff contends that this formulation of the residual functional capacity fails as a matter of law because it does not account for her moderate limitations in understanding, remembering, and applying information, as well as in adapting and managing oneself. *See* Docket No. 21 at 4-7. Plaintiff's opening brief declined to offer meaningful discussion of the medical record or explain in meaningful fashion how the medical record supports restrictions beyond those included by the ALJ in the residual functional capacity. *See, e.g.*, Docket No. 21 at 3. As explained by the Commissioner, Plaintiff's opening brief ignores the findings of Dr. Ana Olivares and Dr. Allie Wright that recognized her moderate limitations[5] and expressly translated them into a limitation to simple work. *See* Docket No. 23 at 3 (citing A.R. 87-88, 96-

---

[5] To be precise with respect to understanding and remembering, Dr. Olivares and Dr. Wright opined that Plaintiff was not significantly limited in the ability to understand and remember very short and simple instructions, but was moderately limited in the ability to understand and remember detailed instructions. A.R. 87, 96.

97).[6] The ALJ did not err in assessing a residual functional capacity supported by the restrictions identified in the medical testimony[7] and then identifying only simple jobs for Plaintiff. *Cf. James H.*, 2025 WL 1202223, at *6.[8]

## IV.   NOTICE TO COUNSEL

The briefing filed by both sides fell well below the standards expected by the Court. Although there is significant case law addressing the specific issues involved in this appeal, the briefing is entirely cursory. Plaintiff's opening brief consists of four pages of argument devoid of any mention of any case law addressing the specific issues on appeal. Docket No. 21 at 4-8.[9] The Commissioner's responsive brief includes less than two pages of written text in total and the case law cited is only *Stubbs-Danielson*. Docket No. 23 at 2-3. "The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court." *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Counsel are admonished moving forward that they must conduct appropriate legal research and present fulsome argument in their briefing.

---

[6] The ALJ's findings were also supported by discussion of additional aspects of the medical record. *See* A.R. 20-21, 25-26.

[7] As Plaintiff recognizes on appeal, the ALJ's formulation of the residual functional capacity was more favorable to her in some respects than the prior administrative medical findings. "The relevant inquiry is whether the medical evidence supports a particular RFC finding." *Phillips*, 61 F. Supp. 3d at 940. An ALJ does not commit reversible error by tempering extremes of medical opinions in the claimant's favor. *Jessica V. v. Bisignano*, ___ F. Supp. 3d ___, 2025 WL 2963455, at *4 n.3 (D. Nev. Oct. 20, 2025) (citing *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012)). "Courts routinely reject arguments that an ALJ erred in formulating an RFC in a manner that is better for the claimant than the conclusions reached in the medical opinions or PAMFs." *Jessica V.*, 2025 WL 2963455, at *4 n.3 (collecting cases).

[8] The Court also notes that Plaintiff bears the burden of showing not just that the ALJ erred, but also that the ALJ erred in a harmful manner that was consequential to the ultimate nondisability determination. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012); *see also Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). Even were the Court to find that the ALJ erred, Plaintiff has not made a persuasive showing that any such error would not be harmless. *Cf. McLain*, 2011 WL 2174895, at *6.

[9] The opening brief cites once to one Tenth Circuit case and once to one United States Supreme Court case for relatively general propositions, and cites to no other case law whatsoever.

## V. CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the decision below be **AFFIRMED**.

Dated: November 13, 2025

 Nancy J. Koppe
 United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).